You have requested our opinion concerning the powers and duties of substitute members of local boards of elections. In particular, you ask whether substitute members may participate in local board meetings and, if so, how they may participate.
In our opinion, substitute members may participate, apart from voting, in local board meetings to the extent and in the manner determined by the regular members of the board with the approval or acquiescence of the State Board of Elections ("State Board").[1] The parameters of such participation could be established by the State Board by regulation or by the individual local boards in regulations approved by the State Board.
 I Statutory Provisions
Your question arises from a recent revision of the election law. While both the old and the new versions of the election law set forth the composition and functions of local boards of elections, the new law omits a provision of the old law that separately described the powers and duties of substitute members. The answer to your inquiry turns on the significance of this omission.
A. Old Election Law
The election law in effect prior to 1999 established a State Administrative Board of Election Laws to supervise the conduct of elections in the State. Annotated Code of Maryland, Former Article 33, § 1A-1. The statute also provided for a local board of supervisors of elections in each county and Baltimore City to conduct elections in their respective jurisdictions. Id., § 2-9. With one exception,[2] each local board consisted of two members of the majority party and one member of the principal minority party appointed by the Governor. Id., § 2-1(a)(1). The Governor also appointed two substitute members for each board, including one member from the majority party and one from the principal minority party. Id., § 2-1(b). All board members served two-year terms. Id., § 2-1(a), (b).
Substitute members were required to attend board meetings and enjoyed the same powers and duties as board members, except that they did not have a right to vote at board meetings. In particular, the statute directed that "substitute board members shall attend all meetings of the board and have all rights and privileges of a board member, except the right to vote." Id., § 2-1(e). We understand that, under that provision, local boards permitted substitute members to participate in discussions, to make and second motions, and to deliberate on matters presented to the local board.
Under the prior law, if a board member was "incapacitated," a substitute member of the same party would temporarily serve as a board member until the absent board member was able to resume that role. Id., § 2-1(f). The substitute members also stood ready to take the place of a board member of the same political party who died, resigned, or became unable to serve. Id., § 2-1(c)(1). In that event, the Governor would then appoint a new substitute member of the same party. Id., § 2-1(c)(2), (h).
B. New Election Law
During its 1998 Session, the Legislature enacted a general revision of the State election law. Chapter 585, Laws of Maryland 1998. The new statute, which was a product of the 1996 Commission to Revise the Election Code, became effective January 1, 1999.Id. § 7. The new statute retained a state-wide board, renamed the State Board of Elections, as well as a local board in each county and Baltimore City, now denominated a "board of elections," to run all elections subject to the direction of the State Board. Under the new law, each local board consists of three "regular" members and two "substitute" members, who are appointed by the Governor with same allocation along party lines as under the old law. Article 33, § 2-201(b).[3] The term of local board members is lengthened to four years. Id., § 2-201(d).
The statute delineates the powers and duties of the local boards in some detail, but does not explicitly differentiate between the functions of regular members and substitute members.See Article 33, § 2-202. However, it does specify that the mere absence — rather than "incapacitation" — of a regular member permits the substitute member of the same party to exercise the powers and duties of a regular member. Id., § 2-201(b)(3).
Vacancies in the local boards are filled in the same manner as under prior law: the death, resignation, removal, or ineligibility of a regular member results in the automatic succession of the substitute member of the same party to that position and the Governor appoints a new substitute member. Id., § 2-201(h).
Subject to the approval of the State Board, a local board may adopt any regulations it considers necessary to carry out its responsibilities. Id., § 2-202(b)(4). Among other things, the State Board is authorized to direct, support, monitor, and evaluate the activities of local boards and to adopt regulations to implement its powers and duties. Id., § 2-102(b)(2), (b)(4).
 II Analysis
As noted above, the new election law that became effective earlier this year does not include the provision in the old law that explicitly required substitute board members to attend board meetings and that authorized their participation except for voting. Your inquiry raises the question whether the omission of that provision in the new law indicates an intention to restrict the participation of substitute members at board meetings.
In our opinion, the Legislature did not intend to limit the participation of substitute board members at local board meetings. We reach this conclusion for several reasons. First, although the statute clearly distinguishes between "regular" and "substitute" members, it does not place any explicit limitation on the participation of substitute members in local board meetings.
Second, the legislative history of the new election law does not demonstrate any intent to restrict the participation of substitute members. The 1996 Commission to Revise the Election Code issued a report that provided an analysis of the legislation it proposed. Nowhere in the report does the Commission suggest that participation by substitute members be limited. Seegenerally Report of the Commission to Revise the Election Code (January 8, 1998). The provisions concerning local boards of election were adopted by the General Assembly as proposed by the Commission without amendment. See Chapter 585, § 2, Laws of Maryland 1998 at pp. 2685-93. Moreover, nothing else in the legislative file demonstrates a desire to curb the activities of substitute members.
Third, the absence of a specific provision in the new law on the powers and duties of substitute members may simply be the result of a broader conception of the "board" in the new law. The old law stated that "three persons" appointed by the Governor "shall constitute the board." Former Article 33, § 2-1(a). Substitute members appeared in a separate subsection. See id., § 2-1(b). By contrast, the new law states that "each local board consists of three regular members and two substitute members," thus encompassing the substitute members within the term "board." Article 33, § 2-201(b)(1). The subsequent description in the statute of the powers and duties of "the board" thus also encompasses the substitute members.
Of course, this does not mean that substitute members shareall powers of regular members — otherwise, there would be no distinction between substitute and regular members. The allocation of regular and substitute members on the local boards between political parties demonstrates an intention to preserve a certain ratio in voting strength between the two parties. Thus, a basic distinction between a "regular" member of a board and a substitute would be the power to cast a vote on matters before the local board. With respect to participation in the operation of the local board in other ways, the Legislature has allowed each local board the flexibility to develop its own procedures, subject to the general oversight of the State Board.
Finally, the statutory scheme contemplates that substitute members will be well versed in the operation of the board and appears to favor the active involvement of substitute members. The design of the new law, like that of the old law, recognizes the importance of the local boards to the democratic process, ensuring that, should a regular board member be unable to perform his or her duties, an experienced and knowledgeable substitute will be available and prepared to fill a mid-term vacancy without delay. In such circumstances, the substitute member automatically becomes a regular board member by operation of law without need for executive action. Further, the new law contemplates that a substitute board member will take the place of a regular member in the absence of that member — in contrast to the prerequisite of the old law that the regular member be incapacitated. Compare
Article 33, § 2-201(b)(3) with former Article 33, § 2-1(f). Thus, the new law has expanded the circumstances under which substitute members serve in place of regular members, highlighting the need for involved, informed substitute members. By use of the substitute members, the local board is able to continue its operations with proportionate representation of the major political parties if a regular member is absent or becomes permanently unable to serve. Attendance at, and participation in, local board meetings would ensure that substitute members have the necessary knowledge and experience to continue the board's work if called upon to replace a regular member for any reason.
In any event, it appears that the Legislature has granted considerable discretion to the State Board and, within parameters set by the State Board, to the local boards to determine the manner and extent of participation by substitute members. The State Board has broad authority to issue regulations to carry out its functions. Each of the local boards enjoys similar authority subject to the approval of the State Board. By regulation the State Board could set broad parameters on the participation of substitute members; local boards could similarly exercise their discretion to set ground rules for participation in their own meetings.[4]
 III Conclusion
In sum, substitute members of local boards of elections may participate in local board meetings to the extent and in the manner determined by the local board with the approval or acquiescence of the State Board.
J. Joseph Curran, Jr.Attorney General
Robert N. McDonaldChief CounselOpinions Advice
[1] This conclusion is consistent with advice previously provided to the State Board of Elections by Assistant Attorney General Kathleen Hoke Dachille in a letter of advice dated July 21, 1999.
[2] In Prince George's County, the board consisted of five members — four from the majority party and one from the principal minority party. Former Article 33, § 2-1(a)(2). There were also three substitute members in Prince George's County — two from the majority party and one from the principal minority party. Id., § 2-1(g).
[3] The new law also retains a separate provision for a larger local board and a different allocation according to party affiliation for Prince George's County. Article 33, § 2-201(j).
[4] Local boards may well exercise this discretion in different ways. County-to-county variation is not a legal problem. If the State Board deems it a policy problem, it may exercise its authority to require greater uniformity of practice.
 *Page 105